UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY LARE,

    Plaintiff,

v.                             Case No: 2:18-cv-33-FtM-99CM

EMMETT CALDWELL,

    Defendant.

## **OPINION AND ORDER**

This matter comes before the Court on a *sua sponte* review of the file. On January 16, 2018, defendant Emmett Caldwell, *pro se*, filed a Notice of Removal (Doc. #1), stating that the removal was being initiated before service of process. No Complaint has been filed with the removal, and the Civil Cover Sheet identifies additional parties that were not named by plaintiff and not included in the removal.

If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3). As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal, Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003), and defendant must show by a preponderance of the evidence that the amount in controversy exceeds the federal jurisdictional amount, Williams v.

Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Defendant asserts subject matter jurisdiction on the basis of the diversity of the parties. This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Defendant also asserts a violation of his constitutional rights to privacy and to contract, however these are not claims asserted in the Complaint.

Defendant Caldwell[1] alleges that the federal court has subject matter jurisdiction on the basis of "state laws diversity, the violation of plaintiffs [sic] Constitutional right to privacy & to be left alone & to a private contract. . . ." (Doc. #1, p. 3.) Defendant asserts fraud and/or the false filing of a lis pendens on the subject property, and filed his own responsive Affidavit (Doc. #6) in support of his position.[2] Attached to the Notice of Removal is plaintiff Larry Lare's Affidavit (Doc. #1-1, pp. 4-5) stating that he was the buyer of real property described in a Vacant Land Contract dated August 25, 2014. On May 23, 2016,

---

[1] The Court notes that Caldwell uses plaintiff in reference to himself, and refers to both parties as plaintiff.

[2] Defendant filed a Motion for Judicial Notice (Doc. #4) of his own Affidavit, and an Affidavit (Doc. #6) in response to the lis pendens. The motion will be denied as the Affidavit is not the type of document that may be judicially noticed under Fed. R. Evid. 201(b).

after waiting for seller-defendant Emmett Caldwell to perform his contingency requirements, Lare waived quiet title and title defects and advised Caldwell that he was ready and willing to close. Caldwell refused to close on the transaction.

Also attached to the Notice of Removal is a recorded Notice of Lis Pendens (Doc. #1-1, p. 6) notifying Caldwell that specific performance and damages were being sought as to the real property; a Tax Deed (Doc. #1-1, p. 11) indicating that Caldwell was the highest bidder at a May 2013 sale for the sum of $8,018.50; and a General Warranty Deed (Doc. #1-1, p. 13) purporting to convey 99.999% of the property to Land & Habitat Conservation for $1.00.

A review of the state court public docket, Case No. 16-CA-003263, reveals that the Complaint for Specific Performance and Damages was originally filed on September 16, 2016, and attached the signed Vacant Land Contract. Plaintiff filed a Motion for Judicial Default (Doc. #2) on June 20, 2017, and a hearing was set and later cancelled. On September 15, 2017, the United States District Court, in and for the Southern District of Florida, issued an Order of Remand as it appeared to that court that removal of the case was made by plaintiff Lare. Defendant Caldwell sought reconsideration stating that it was actually him who removed the case to federal court. The Southern District found that the case was otherwise properly remanded because it was not removed to the correct federal district court in the county in which the state

court action was pending, and because defendant was listed as residing in Miami, Florida, making him ineligible to remove the case. Reconsideration was denied on September 19, 2017. On October 23, 2017, plaintiff filed a Motion for Summary Final Judgment (Doc. #3), and a hearing was set and later cancelled. The Notice of Removal in the Middle District of Florida was not filed until January 16, 2018.

The Court has no information as to the citizenship of the parties in this case. Defendant has provided an address in Georgia and he asserts that he is a non-Florida resident, doc. #1, p. 4, however there is no assertion that this is Caldwell's domicile and permanent place of residence. Caldwell previously lived in Miami during the pendency of the case. Plaintiff is listed as a resident of Florida in the Complaint, but defendant does not assert that plaintiff is in fact also a citizen of Florida. Most relevant is the fact that the purchase price under the contract was for $30,000, well below the in excess of $75,000 threshold amount. The Court finds that defendant has failed to meet his burden to establish subject matter jurisdiction under 28 U.S.C. § 1332, and no other basis to exercise subject matter jurisdiction is apparent on the face of the complaint.

The Court notes that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the

district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c). More than one year has passed since the filing of the Complaint in state court, defendant does not allege that plaintiff prevented the removal of the case, there has been no finding of bad faith, and defendant has the ability to raise any claims of fraud or forgery in the state court.[3] The case will be remanded.

This is not defendant's first attempt at removal of this case. Therefore, if a third attempt is made to remove the case, the Court will entertain a motion for fees and costs pursuant to 28 U.S.C. § 1447(c).

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Affidavit of Indigency (Doc. #7), construed as a motion to proceed *in form pauperis*, is **DENIED**.

2. Defendant's Motion for Judicial Notice (Doc. #4) is **DENIED.**

3. The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Opinion and Order to the Clerk of that Court. The Clerk

---

[3] Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) ("Minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights.")

is further **directed** to terminate all pending motions and deadlines, and to close the case.

4. If the case is removed for a third time, the Court would entertain a motion for "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" pursuant to 28 U.S.C. § 1447(c).

**DONE and ORDERED** at Fort Myers, Florida, this __26th__ day of January, 2018.

                                                  _____
                                                  JOHN E. STEELE
                                                  SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Lee County Circuit Court
Parties of Record